MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANGELES SANCHEZ EULALIO and CIRO
GOMEZ ESPITIA, *individually and on behalf*
*of others similarly situated,*

*Plaintiffs*,

-against-

HAN DYNASTY UPPER WEST SIDE CORP.
(d/b/a HAN DYNASTY), JUNE KWAN,
MARK ALLAN, HELEN M. KWAN, and
HAN CHIANG

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiffs Angeles Sanchez Eulalio ("Plaintiff Sanchez" or "Mr. Sanchez") and Ciro Gomez Espitia ("Plaintiff Gomez" or "Mr. Gomez"), individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Han Dynasty Upper West Side Corp. (d/b/a Han Dynasty) ("Defendant Corporation") and Individual Defendants June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang (collectively "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs are former employees of Defendants Han Dynasty Upper West Side Corp. (d/b/a Han Dynasty), June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang.

2.     Defendants own, operate, or control a Chinese restaurant located at 215 West 85th Street, New York, NY 10024, under the name "Han Dynasty."

3.      Upon information and belief, Individual Defendants June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers.

5.      However, Plaintiffs were required to spend a considerable part of their work day performing non-tipped, non-delivery duties including cutting vegetables (hereinafter the "non-tipped, non-delivery duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage compensation for the hours that they worked each week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked.

8.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required a significant amount of time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants paid Plaintiffs at a rate that was lower than the minimum wage rate.

10.      Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers

instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs at a lower rate.

12.    In addition, defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other restaurant employees' tips and made unlawful deductions from Plaintiffs' and other restaurant employees' wages.

13.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL") including applicable liquidated damages, interest, attorneys' fees, and costs.

15.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a Chinese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

18.     Plaintiff Angeles Sanchez Eulalio ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in New York County, New York. Plaintiff Sanchez was employed by Defendants from approximately August 2015 until on or about October 11, 2017.

19.     Plaintiff Ciro Gomez Espitia ("Plaintiff Gomez" or "Mr. Gomez") is an adult individual residing in New York County, New York. Plaintiff Gomez was employed by Defendants from approximately August 2015 until on or about October 2016.

### *Defendants*

20.     At all relevant times, Defendants own, operate, or control a Chinese restaurant located at 215 West 85th Street, New York, NY 10024 under the name "Han Dynasty."

21.     Upon information and belief, Han Dynasty Upper West Side Corp. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its principal place of business at 215 West 85th Street, New York, NY 10024.

22.     Defendant June Kwan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant June Kwan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant June Kwan possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls or controlled significant functions of Defendant Corporation. He determines or determined the wages and compensation of the employees of Defendants,

including Plaintiffs, establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

23.    Defendant Mark Allan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark Allan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mark Allan possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls or controlled significant functions of Defendant Corporation. He determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

24.    Defendant Helen M. Kwan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Helen M. Kwan is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Helen M. Kwan possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls or controlled significant functions of Defendant Corporation. She determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

25.    Defendant Han Chiang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Han Chiang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant

Han Chiang possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls or controlled significant functions of Defendant Corporation. He determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a Chinese restaurant located in the Upper West Side section of Manhattan in New York City.

27.    Individual defendants, June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang possess or possessed operational control over Defendant Corporation, possess or possessed ownership interests in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possesses or possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and were Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.  intermingling assets and debts of their own with Defendant Corporation,

    g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h.  other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2015 to 2017, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiffs

36.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers. However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Angeles Sanchez Eulalio

38.     Plaintiff Sanchez was employed by Defendants from approximately August 2015 until on or about October 11, 2017.

39.     Defendants ostensibly employed Plaintiff Sanchez as a delivery worker.

40.     However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tip duties described above.

41.     Although Plaintiff Sanchez ostensibly was employed as a tipped employee, he spent over 20% of his work days performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

44.     From approximately August 2015 until on or about October 11, 2017, Plaintiff Sanchez worked from approximately 6:00 p.m. until on or about 10:00 p.m. Mondays, Tuesdays, and Wednesdays, from approximately 6:00 p.m. until on or about 10:30 p.m. Fridays, from approximately 4:30 p.m. until on or about 10:30 p.m. Saturdays, and from approximately 4:30 p.m. until on or about 10:00 p.m. Sundays (typically 28 hours per week).

45.     Throughout his employment with defendants, Plaintiff Sanchez was paid his wages by check.

46.     Throughout the entire duration of his employment, Defendants paid Plaintiff Sanchez $8.75 per hour.

47.     Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Sanchez to work an additional ten to fifteen minutes before his scheduled arrival time and fifteen to thirty minutes after his scheduled departure time on several occasions, and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Sanchez any break or meal period of any length.

50.     Nevertheless, Defendants deducted $18.00 from Plaintiff Sanchez's weekly paycheck for meals he never ate.

51.     Defendants never notified Plaintiff Sanchez that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's wages.

53.     Defendants withheld a portion of Plaintiff Sanchez's tips.

54.     Specifically, Defendants withheld $10% from Plaintiff Sanchez's weekly tips to pay the hostess.

55.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Sanchez regarding the minimum wage under the FLSA and NYLL.

56.     Prior to July 2017, Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked; however, even when he was required to use punch cards, his pay never reflected the hours worked.

57.     Furthermore, Defendants did not provide Plaintiff Sanchez with a statement of wages with each payment of wages, as required by NYLL 195(3).

58.     Defendants never gave any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including three bicycles, a helmet, a light, and maintenance costs every month.

*Plaintiff Ciro Gomez Espitia*

60.     Plaintiff Gomez was employed by Defendants from approximately August 2015 until on or about October 2016.

61.     Defendants ostensibly employed Plaintiff Gomez as a delivery worker.

62.     However, Plaintiff Espitia was also required to spend a significant portion of his work day performing the non-tip duties described above.

63.     Although Plaintiff Espitia ostensibly was employed as a tipped employee, he spent over 20% of his work days performing non-tipped work throughout his employment with Defendants.

64.     Plaintiff Gomez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Gomez's work duties required neither discretion nor independent judgment.

66.     From approximately August 2015 until on or about October 2016, Plaintiff Gomez worked from approximately 5:00 p.m. until on or about 10:00 p.m. one day per week and from approximately 5:00 p.m. until on or about 11:00 p.m. three days per week (typically 23 hours per week).

67.     Throughout his employment with defendants, Plaintiff Gomez was paid his wages by check.

68.     Throughout the entire duration of his employment, defendants paid Plaintiff Gomez $8.75 per hour.

69.     Plaintiff Gomez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.     For example, Defendants required Plaintiff Gomez to work an additional hour past his scheduled departure time on several occasions, and did not pay him for the additional time he worked.

71.     Defendants never granted Plaintiff Gomez any break or meal period of any length.

72.     Nevertheless, defendants deducted $18.00 from Plaintiff Gomez's weekly paycheck for meals he never ate.

73.     Plaintiff Gomez never was notified by Defendants that his tips were being included as an offset for wages.

74.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Gomez's wages.

75.     Defendants withheld a portion of Plaintiff Gomez's tips.

76.     Specifically, Defendants withheld 10% of Plaintiff Gomez's weekly tips to pay the hostess.

77.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Gomez regarding the minimum wage under the FLSA and NYLL.

78.     Plaintiff Gomez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

79.     Furthermore, Defendants did not provide Plaintiff Gomez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

80.     Rather, Defendants gave Plaintiff Gomez weekly statements that falsely displayed the hours worked per week.

81.     Defendants never gave any notice to Plaintiff Gomez, in English and in Spanish

(Plaintiff Gomez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

82.     Defendants required Plaintiff Gomez to purchase "tools of the trade" with his own funds—including two bicycles, maintenance for them every month, three sets of lights, two vests, and two helmets.

*Defendants' General Employment Practices*

83.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

84.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

85.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

86.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

87.     Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

88.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

89.     These Plaintiffs were not paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-

tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less). 12 N.Y.

C.R.R. § 146.

90.     New York State regulations provide that an employee cannot be classified as a

tipped employee "on any day… in which he has been assigned to work in an occupation in which

tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under

federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee

time if that time is devoted to a non-tipped occupation.

91.     As part of its regular business practice, Defendants intentionally, willfully, and

repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the

FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of

a portion of the tips earned during the course of employment.

92.     Defendants unlawfully misappropriated charges purported to be gratuities

received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d

(2007).

93.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of

tipped employees must either allow employees to keep all the tips that they receive, or forgo the

tip credit and pay them the full hourly minimum wage.

94.     Plaintiffs' duties were not incidental to their occupations as delivery workers, but

instead constituted entirely unrelated general restaurant work with duties including the non-

tipped, non-delivery duties described above.

95.     Defendants failed to inform Plaintiffs that their tips would be credited towards the

payment of the minimum wage.

96.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

97.    Prior to July 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

98.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked and the minimum wage.

99.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

100.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

101.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

102.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay, as required by NYLL §195(3).

103.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

### FLSA COLLECTIVE ACTION CLAIMS

104.    Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA class Period").

105.    At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

106.    At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage.

107.    At all relevant times, Plaintiffs, and other members of the FLSA and Rule 23 Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

108.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

109.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110.    Plaintiffs bring their New York Labor Law minimum wage, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

111.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

112.    There are questions of law and fact common to the Class including:

    a.  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    c.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage within the meaning of the New York Labor Law;

e. Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g. What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage.

113. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

114. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

115. The common questions of law and fact predominate over questions affecting only individual members.

116. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small,

compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

117.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

118.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

120.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

123.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

125.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members) controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

127.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

128.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

129.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

132.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

135.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

136.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

137.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and

"tools of the trade" required to perform their jobs, such as uniforms, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

138.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW**

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

141.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

142.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

143.    Defendants unlawfully required Plaintiffs to share part of the gratuities they received with employees other than delivery workers or similar employees, in violation of NYLL § 196-d and supporting regulations.

144.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

145.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(e)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation;

(i)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages and for any improper deductions or credits taken against wages;

(j)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)     Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(m)     Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 19, 2017

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                             By:     /s/ Michael Faillace
                                     Michael Faillace [MF-8436]
                                     60 East 42nd Street, Suite 4510
                                     New York, New York 10165
                                     Telephone: (212) 317-1200
                                     Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Ciro Gomez Espitia

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           10 de octubre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 10, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Angeles Sanchez Eulalio**

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          10 de octubre de 2017

*Certified as a minority-owned business in the State of New York*