# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

June 29, 2018

**BY ELECTRONIC MAIL**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

        Re:     <u>Eulalio, et al. v. Hans Dynasty, et al.</u>,
                 17 Civ. 8062 (KPF)

Your Honor:

     This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

     The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

     Plaintiffs are former employees of Defendants at their restaurant, Han Dynasty. Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

     Defendants categorically deny the allegations in the Complaint and maintain that Plaintiffs were properly compensated under the FLSA and the NYLL. Further, individual defendants June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang are not proper defendants in this action because they were not, and are not, Plaintiffs' "employer" within the scope of the FLSA and the NYLL.

2. **Settlement Terms**

Plaintiffs allege they are entitled to back wages of approximately $12,383. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $51,901, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $15,000. The settlement will be paid in one installment. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims: namely, that Defendants failed to provide notice to Plaintiffs that they were taking a tip credit against the minimum wage and that Plaintiffs' spent over 20% of their work performing non-tipped work throughout their employment at Han Dynasty. There was no genuine dispute as to the hours worked as Plaintiffs did not allege, nor did they, in fact, work more than 28 hours in any given workweek. Rather, the *bona fide* dispute involved Plaintiffs' whether they received notice of the tip credit as well as their alleged and/or actual duties as delivery workers.

The parties dispute whether Defendants provided sufficient notice to the Plaintiffs that they were taking a tip credit against the statutory minimum wage. Defendants asserted that the interpreting regulations for the FLSA do not require information concerning the tip notice to be provided in writing. 29 C.F.R. § 531.59. Moreover, with respect to the New York Labor Law and its applicable regulations, the New York State Appellate Division, First Department has held that failing to provide written notice of the tip credit to employees does not give rise to a violation of the law. *See Ahmed v. Morgans Hotel Grp. Mgmt., LLC*, 2018 N.Y. App. Div. LEXIS 2687, at *2 (1st Dep't 2018) (affirming summary judgment to defendant employer and declining to find that employer forfeited tip credit due to improper notice since employees were always paid an amount equal to or above the minimum wage throughout their employment and suffered no injury); *see also* New York Lab. Law §§ 198(1-b), (1-d) (providing that when an individual is not provided with the requisite notice, an employer will not be liable where the employee was always paid an amount equal to or above the minimum wage throughout his employment). Here, in addition to Defendants asserting that they provided sufficient tip credit notice to the Plaintiffs, Defendants contend that Plaintiffs could not otherwise establish a minimum wage violation because they were paid at or above the minimum wage at all relevant times (based on their hourly cash wage together with their tips).

With respect to Plaintiffs "dual jobs" claims, Defendants vigorously contested that Plaintiffs performed non-delivery or non-tipped work for such duration that would cause Han Dynasty to lose tip credit eligibility under federal or state law. Thus, had the parties continued with litigation, Defendants intended to depose Plaintiffs and/or produce witnesses to rebut Plaintiffs' claims of excessive non-delivery, non-tipped duties. While Plaintiffs disputed Defendants' positions, they presented the Defendants with colorable legal arguments, and increased the risk

Page 3

that Plaintiffs' recovery may be severely limited. In particular, litigating Plaintiffs' "dual job" claims would have required the parties to engage in extensive fact discovery requiring numerous depositions and would have thus resulted in protracted litigation.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $5,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $4,612. A copy of Plaintiffs counsel's billing record is attached as "Exhibit C." While Plaintiffs' counsel is asking for more than their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

   i. My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

   ii. Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour.  This is his standard rate for matters on which he is paid at an hourly rate.  He graduated from Fordham Law School in 2012.  Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

  Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        /s/Michael Faillace
        Michael Faillace
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Attorneys for the Plaintiffs

Enclosures