## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Angeles Sanchez Eulalio and Cira Gomez Espitia, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiffs"), on the one hand, and Han Dynasty Upper West Side Corp d/b/a Han Dynasty (corporate defendant hereinafter referred to as, the "Company"), and June Kwan, Mark Allan, Helen M. Kwan, and Han Chiang (corporate and individual defendants hereinafter collectively referred to as, the "Defendants"), on the other hand.

**WHEREAS,** Plaintiffs allege that they worked for Defendants as employees;

**WHEREAS,** on or about October 19, 2017, Plaintiffs commenced an action against the Defendants in the United States District Court for the Southern District of New York, Civil Action Case No. 17-CV-08062 (KPF), alleging, among other things, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage and provide statutory notices (the "Complaint" or the "Action");

**WHEREAS,** Defendants deny all allegations of wrongdoing made by Plaintiffs and a Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS,** Defendants and the Plaintiffs (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE,** with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.      <u>Consideration</u>: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiffs had, have or may have against the Defendants, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiffs set forth in Paragraph 3, the Company shall pay the Plaintiffs and their counsel the total sum of FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00) (hereinafter, the "Settlement Amount") made payable as follows:

<u>Angeles Sanchez Eulalio</u>

(a)      The Company will issue a check made payable to "Angeles Sanchez Eulalio" in the amount of three thousand one hundred fifty dollars ($3,150), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wage and other wages under the FLSA and NYLL. The Company shall issue Plaintiff Sanchez Eulalio an IRS Form W-2 with respect to this payment.

(b)      The Company will issue a check made payable to "Angeles Sanchez Eulalio" in the amount of three thousand one hundred fifty dollars ($3,150), representing payment for

alleged liquidated damages and penalties under the FLSA and NYLL. The Company shall issue Plaintiff Sanchez Eulalio an IRS Form 1099-MISC with respect to this payment.

**Ciro Gomez Espitia**

        (c)    The Company will issue a check made payable to "Ciro Gomez Espitia" in the amount of one thousand eight hundred fifty dollars $1,850, less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wage and other wages under the FLSA and NYLL. The Company shall issue Plaintiff Gomez Espitia an IRS Form W-2 with respect to this payment.

        (d)    The Company will issue a check made payable to "Ciro Gomez Espitia" in the amount of one thousand eight hundred fifty dollars $1,850, representing payment for alleged liquidated damages and penalties under the FLSA and NYLL. The Company shall issue Plaintiff Gomez Espitia an IRS Form 1099-MISC with respect to this payment.

**Michael Faillace & Associates, P.C.**

        (e)    The Company will issue a check made payable to "Michael Faillace & Associates, P.C." in the amount of five thousand dollars ($5,000) representing payment for Plaintiffs' attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Michael Faillace & Associates, P.C., and/or any other law firm or attorney. The Company shall issue Michael Faillace & Associates, P.C. an IRS Form 1099-MISC with respect to this payment.

        (f)    Pursuant to Paragraph 6 below, upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. All payments set forth above shall be delivered to Plaintiffs' counsel, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165. The Defendants will provide all settlement checks to their counsel to hold in escrow prior to the Parties' filing of the Joint Stipulation for Dismissal with Prejudice and Joint Motion for Approval of the Settlement Agreement. Upon receipt of the settlement checks, Defendants' counsel will advise Plaintiffs' counsel of the same.

        (g)    The settlement payments in this Paragraph 1 will be delivered within twenty-one (21) days of judicial dismissal of the Action with prejudice (pursuant to Paragraph 6 of this Agreement). As a condition of any settlement payment, Defendants must receive an executed W-9 Form from Michael Faillace & Associates, P.C. and completed W-4 and W-9 Forms from Plaintiffs Angeles Sanchez Eulalio and Ciro Gomez Espitia.

        2.    **Full Payment**: Plaintiffs agree and affirm that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel. This amount shall include compensation for alleged damages to Plaintiffs and for any and all harm which they may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or

common law. Plaintiffs agree that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3.     **Release of Wage and Hour Claims by Plaintiffs:**     In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiffs, on their own behalf and on behalf of their descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives (including June Kwan, Mark Allan, Helen M. Kwan and Han Chiang), and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after Plaintiffs' execution date.

4.     **Covenant Not to Sue:**     Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If Plaintiffs breach the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

5.     **Claims Excluded from the Agreement:**     Plaintiffs' release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiffs, however, further agree and understand that they have waived any right to recover monetary damages or other relief personal to Plaintiffs in any such charge, complaint or lawsuit filed by them or on their behalf in any way relating to any released claims.

6.     **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

The Parties intend for the Plaintiffs to waive any and all claims related to their wages or compensation they may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court.

3

Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7. **Taxes and Withholding**: Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiffs acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

8. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs has asserted, could have asserted or may assert in connection with Plaintiffs' employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9. **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstances surrounding their employment with the Company, Plaintiffs agree this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiffs could prevail on the merits of their claims, and that the amounts being paid to Plaintiffs, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiffs stipulate and agree that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding their entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

10. **Mutual Non-Disparagement**: Plaintiffs agree that they will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees (as defined in Paragraph "3" above), whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media). The language of this Paragraph 10 shall not prohibit Plaintiffs from making truthful statements about their experiences litigating this case.

June Kwan, Mark Allan, Helen M. Kwan and Han Chiang agree that they will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiffs, whether by electronic, written or oral means, to any of Plaintiffs' employers, known potential employers, or to any other person (including, but not limited to, the press or other media).  The language of this Paragraph 10 shall not prohibit these individual defendants from making truthful statements about their experiences litigating this case.

11.    **Employment Reference**:  In the event that Defendants receive a written request for a reference, Mark Allan, on behalf of Defendants, will respond that it is the Company's policy to provide only Plaintiffs' titles and dates of employment and not with any other additional information.  For the avoidance of doubt, the Defendants' sole obligation to Plaintiffs under the terms of this Agreement is to provide the information in the preceding sentence and only if Defendants receive a written request directed to Mark Allan.  Defendants will advise any inquiring employer that any such reference requests be made in writing to Mark Allan.

12.    **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

13.    **No Other Complaints or Charges:**  Plaintiffs hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees.  Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with the Company.

14.    **Future Employment**:  Plaintiffs agree that they will not at any time in the future knowingly seek employment with the Company, or Releasees and hereby waive any right that may accrue to them from any application for employment that they may make (whether knowingly or unknowingly), or any employment that they may receive, notwithstanding this Paragraph.  By this Agreement, Plaintiffs intend to remove themselves from consideration for future employment with the Company, and agree that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiffs may make for employment or to terminate any such employment they may obtain notwithstanding this Paragraph.  Plaintiffs acknowledge and agree that they have no right to any reinstatement or re-employment by the Company, or Releasees at any time.

15.    **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16.    **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

17.    **Jurisdiction**:  The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction

over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

18.    **Assignment of Claims**:  Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19.    **Voluntary Agreement**:  Plaintiffs represent and agree that:

(a)    They are not suffering from any impairment that would render them incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to them;

(b)    They have signed this Agreement freely and voluntarily and without duress;

(c)    No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

(d)    They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and have had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

21.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

22.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

23.    **Counterparts**:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

24.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

25.    **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

26.    **Notices**:    All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:

William H. Ng, Esq.
Kevin K. Yam, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
WNg@littler.com
KYam@littler.com

Plaintiffs' Counsel:

Jesse S. Barton, Esq.
Michael Faillace & Associates, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
jbarton@faillacelaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph.   If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27.    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS ARE ADVISED TO SPEAK WITH THEIR ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

AGREED:

**ANGELES SANCHEZ EULALIO**

By: _____

Dated: __6 / 11 / 18__

**CIRO GOMEZ ESPITIA**

By: _____

Dated: __6 / 8 / 18__

**HAN DYNASTY UPPER WEST SIDE CORP. D/B/A HAN DYNASTY**

By: _____

Dated: __6 / 28 / 18__

**JUNE KWAN**

By: _____
        JUNE KWAN

Dated: __6 / 22 / 18__

**MARK ALLAN**

By: _____
        MARK ALLAN

Dated: _____

**HELEN M. KWAN**

By: _____
        HELEN M. KWAN

Dated: __6 / 8 / 18__

**HAN CHIANG**

By: _____
        HAN CHIANG

Dated: _____

8

**AGREED:**

ANGELES SANCHEZ EULALIO

By:_____

Dated:_____

CIRO GOMEZ ESPITIA

By:_____

Dated:_____

HAN DYNASTY UPPER WEST SIDE
CORP. D/B/A HAN DYNASTY

By:_____

Dated:_____

JUNE KWAN

By:_____
      JUNE KWAN

Dated:_____

MARK ALLAN

By:_____
      MARK ALLAN

Dated:_____

HELEN M. KWAN

By:_____
      HELEN M. KWAN

Dated:_____

HAN CHIANG

By:_____
      HAN CHIANG

Dated:_____

**AGREED:**

ANGELES SANCHEZ EULALIO

By:_____

Dated:_____

CIRO GOMEZ ESPITIA

By:_____

Dated:_____

HAN DYNASTY UPPER WEST SIDE
CORP. D/B/A HAN DYNASTY

By:_____

Dated:_____

JUNE KWAN

By:_____
    JUNE KWAN

Dated:_____

MARK ALLAN

By:_____
    MARK ALLAN

Dated:_____

HELEN M. KWAN

By:_____
    HELEN M. KWAN

Dated:_____

HAN CHIANG

By:____Han Chiang_____
    HAN CHIANG

Dated:____6/21/2018_____

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELES SANCHEZ EULALIO and CIRO GOMEZ ESPITIA, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>HAN DYNASTY UPPER WEST SIDE CORP. (d/b/a HAN DYNASTY), JUNE KWAN, MARK ALLAN, HELEN M. KWAN, and HAN CHIANG,<br><br>Defendants. | Civil Case No.: 17-CV-08062 (KPF)<br><br><br>**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

Dated: 6/29/, 2018                     Dated: 6/25/, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.        LITTLER MENDELSON, P.C.

By: Jesse S. Barton, Esq.                  By: William H. Ng., Esq.
60 East 42nd Street, Suite 4510            290 Broadhollow Road, Suite 305
New York, NY 10165                         Melville, New York 11747
(212) 317-1200                             (631) 247-4700
jbarton@faillacelaw.com                    WNg@littler.com

*Attorneys for Plaintiffs*                 *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Katherine Polk Failla, United States District Judge